FILED

05/12/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0207

## SYNOPSIS OF THE CASE[1]

**2023 MT 82, DA 22-0207:** **HELEN WEEMS AND JANE DOE**, Plaintiffs and Appellees, **v. STATE OF MONTANA, by and through AUSTIN KNUDSEN, in his official capacity as Attorney General; and TRAVIS AHNER, in his official capacity as County Attorney for Flathead County**, Defendants and Appellants.

In a unanimous decision, the Montana Supreme Court upheld a District Court's ruling that § 50-20-109(1)(a), MCA, unconstitutionally interfered with a women's right of privacy, guaranteed by the Montana Constitution, to seek abortion care from a qualified provider.

This case arises from § 50-20-109(1)(a) (2005), MCA, which makes it a felony for any licensed or competent health care provider, except physicians and physician assistants, to provide abortion care.

The District Court concluded that abortion care provided by Advanced Practice Registered Nurses (APRNs) is safe and, therefore, § 50-20-109(1)(a), MCA, is unconstitutional because it interferes with a woman's right to seek abortion care from a qualified health provider. The District Court cited the Montana Supreme Court's decision in *Armstrong v. State*, which held that the Montana Constitution guarantees a woman a fundamental right of privacy to seek abortion care from a qualified health care provider of her choosing, absent a clear demonstration of a medically acknowledged, bona fide health risk.

Helen Weems and Jane Doe (Plaintiffs) are licensed APRNs in family practice and midwifery, respectively. Plaintiffs challenged the constitutionality of § 50-20-109(1)(a), MCA, claiming it violates a woman's fundamental right of privacy to seek abortion care from a qualified health care provider of her choosing.

The State argued it has the authority to provide for the general health and safety of Montanans and that abortion care presents a risk of harm beyond what an APRN is capable of handling. The parties presented extensive expert medical testimony to the District Court concerning whether abortion care provided by APRNs presents an increased risk of harm to women.

Based on overwhelming evidence produced in the trial court record that APRNs provide safe and effective abortion care, the Court concluded there was no genuine dispute of fact that APRNs are qualified health care providers of abortion care. The record was devoid of any evidence that APRNs providing abortion care would present a bona fide health risk acknowledged by the medical community. The evidence established that not only do APRNs provide services requiring similar skills to those required for abortion care, but

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

APRNs also provide health care services that are more complex than early abortion care. The Court recognized the State's general and inherent authority to regulate for the health and safety of its citizens; however, applying *Armstrong*, the Court concluded that § 50-20-109(1)(a), MCA, violated a women's fundamental right of privacy guaranteed by the Montana Constitution to seek health care from a provider of her choosing because the record undisputedly established that APRNs were qualified providers of abortion care. Under this decision, Montanans have the right to seek abortion care from certified APRNs.